**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE PAYNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>BLUETRITON BRANDS, INC.,<br><br>Defendant. | No. 23 Civ. 939<br><br>**CLASS ACTION COMPLAINT** |

Andre Payne ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated manual positions such as dispenser cleaner technicians (collectively, "Manual Workers") who work or have worked for BlueTriton Brands, Inc. ("BlueTriton" or "Defendant") in New York State.

2. At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers in New York on a bi-weekly basis.

3. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Manual Workers in New York their wages within seven calendar days after the end of the

1

week in which these wages were earned.

4. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

5. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

6. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

7. Plaintiff brings this action on behalf of himself and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

**Andre Payne**

8. Andre Payne ("Payne") is an adult individual who is a resident of New York.

9. Payne was employed by BlueTriton as a Manual Worker from in or around 2018 until approximately October 17, 2022 in Manhattan and Queens.

10. Payne is a covered employee within the meaning of the NYLL.

**Defendant**

**BlueTriton Brands, Inc.**

11. BlueTriton Brands, Inc. is a foreign business corporation organized and existing

2

under the laws of Delaware.

12. BlueTriton Brands, Inc.'s principal executive office is located at 900 Long Ridge Road, Stamford, Connecticut 06902.

13. BlueTriton Brands, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14. BlueTriton Brands, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15. BlueTriton Brands, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

17. There are over 100 members in the proposed class.

18. Defendant is subject to personal jurisdiction in New York.

19. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

20.     Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for BlueTriton Brands, Inc. between June 20, 2016[1] and the date of final judgment in this matter (the "New York Class").

21.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22.     There are more than fifty members of the New York Class.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

24.     Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

25.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

26.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

and classes in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

28. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following: whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

29. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Andre Payne**

30. Payne was employed for BlueTriton as a dispenser cleaner technician from approximately 2018 until approximately October 17, 2022.

31. During Payne's employment, over twenty-five percent of Payne spent over 25% of his worktime each week performing physical tasks, including but not cleaning and sanitizing water coolers, lifting water jugs, and removing and replacing cooler equipment.

32. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Payne has been compensated by Defendant on a bi-weekly basis.

33. As a result of Defendant's untimely wage payments, Payne was underpaid for the

first seven days of each bi-weekly pay period, and thus Defendant paid Payne on an untimely basis.

34. As such, Payne was denied the time-value of his money by Defendant's underpayments. Payne was unable to invest, save, or purchase utilizing the wages he earned and was owed but were paid late (unpaid).

35. Payne was similarly underpaid for every workweek that he was paid his lawfully earned wages after more than seven days within the time he completed his work.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

38. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

39. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure;

  B.  Designation of Plaintiff as representatives of the New York Rule 23 Class and counsel of record as Class Counsel;

  C.  Liquidated damages permitted by law pursuant to the NYLL.

  D.  Prejudgment and post-judgment interest;

  E.  Reasonable attorneys' fees and costs of the action; and

  F.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   February 3, 2023

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*